UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JASON GALLAGHER, | § | |
| | § | |
| Plaintiff | § | |
| | § | CAUSE OF ACTION: |
| v. | § | |
| | § | 1:20-cv-901 |
| CITY OF AUSTIN, JOHN DOE, JOHN | § | |
| FOE, and JOHN ROE | § | |
| | § | |
| Defendants | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jason Gallagher brings this 42 U.S.C. § 1983 case against the City of Austin and Austin Police Department Officers John Doe, John Foe, and John Roe for the excessive force they inflicted on him as he was exercising his free speech and assembly rights and demonstrating against police violence.

### I.  PARTIES

1.  Plaintiff Jason Gallagher is a resident of Travis County, Texas.

2.  Defendant City of Austin, is a municipality that operates the Austin Police Department and may be served through its City Clerk at 301 W. 2nd Street, Austin, TX 78701.  The City's policymaker for policing matters is Police Chief Brian Manley. *Service is hereby requested at this time.*

3.  Defendant John Doe is a pseudonym for a police officer with the Austin Police Department, and he is sued in his individual capacity for compensatory and punitive damages. After

identification, he can be served with process at 715 E. 8th Street, Austin, Texas, 78701. At all relevant times, John Doe was acting under color of law as an Austin Police Department officer.[1]

4.    Defendant John Foe is a pseudonym for a police officer with the Austin Police Department, and he is sued in his individual capacity for compensatory and punitive damages. After identification, he can be served with process at 715 E. 8th Street, Austin, Texas, 78701. At all relevant times, John Foe was acting under color of law as an Austin Police Department officer

5.    Defendant John Roe is a pseudonym for a police officer with the Austin Police Department, and he is sued in his individual capacity for compensatory and punitive damages. After identification, he can be served with process at 715 E. 8th Street, Austin, Texas, 78701. At all relevant times, John Roe was acting under color of law as an Austin Police Department officer.

## II.  JURISDICTION AND VENUE

6.    This Court has federal question jurisdiction over this 42 U.S.C. § 1983 action pursuant to 28 U.S.C. §§ 1331 and 1343.

7.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1), as all relevant events occurred in this division, and all Defendants reside in this state and division.

## III. FACTS

8.    Following the police killings of George Floyd in Minneapolis and Mike Ramos in Austin, demonstrators organized protests against police brutality outside the headquarters of the Austin Police Department on May 30, 2020.

9.    Plaintiff Gallagher attended the demonstration to lend his voice to the chorus demonstrating against police violence.

---

[1] Plaintiff requires discovery to identify Defendants Doe, Foe and Roe's true names.

10. During the demonstration, Austin police officers, including Doe, Foe and Roe, had blocked IH-35, and were standing in a line along the embankment and overpass on the southbound lane where IH-35 crosses 7th Street, facing west.

11. Doe, Foe, Roe, and the numerous other officers were all wearing body armor, helmets, and face shields, and were armed with multiple weapons – including pepper spray, beanbag shotguns, and batons (in addition to their handguns and tasers).

12. As part of the demonstration, Gallagher walked up the embankment, and began demonstrating near Doe, Foe and Roe.

13. Gallagher was completely non-violent at all relevant times.

14. All of Gallagher's actions were constitutionally protected activity.

15. Gallagher never threatened Doe.

16. Gallagher never threatened Foe.

17. Gallagher never threatened Roe.

18. Gallagher never threatened anyone else.

19. Gallagher never committed any crime.

20. Gallagher was never suspected of committing any crime.

21. In other words, Doe, Foe and Roe's assaults on Gallagher were completely unprovoked and unwarranted.

22. While Gallagher was demonstrating, Doe sprayed Gallagher in the face with pepper spray.

23. Shortly thereafter, Foe also sprayed Gallagher in the face with pepper spray.

24. Being sprayed in the face with pepper spray is very painful, and caused Gallagher physical injury.

25. As Gallagher attempted to recover from the pepper spray, Roe took his police baton, and shoved Gallagher with it in the back, causing Gallagher to stumble and injure his knee.

26. Video confirms that APD officers pepper sprayed Gallagher and that another APD officer used his baton on Gallagher.

27. Doe, Roe, and Foe's attacks on Gallagher were substantially motived by Doe, Roe, and Foe's disagreement with Gallagher's message opposing police violence. There was absolutely no lawful justification for Roe using force on Gallagher.

28. As other demonstrators ran to assist Gallagher, Roe menacingly threatened them by pointing his beanbag shotgun at them, because he disagreed with their anti-brutality message.

29. As the other demonstrators were helping Gallagher, two more unidentified officers sprayed pepper spray over the entire scene, though there was absolutely no threat of violence by any demonstrators assisting Gallagher, or any other justification for using the chemical weapon.

30. Doe, Foe and Roe's attacks on Gallagher would chill a person of ordinary firmness from continuing to engage in protected speech and assembly.

31. APD officers, unfortunately, have a long, checkered history of using excessive force against citizens, and of chilling its citizens' free speech and assembly rights.

32. Chief Manley is well aware of these long-standing patterns, practices, and customs of the APD.

33. As a result, numerous APD officers watched Doe and Foe pepper spray and Roe shove Gallagher, then watched other APD officers pepper spray the assembled demonstrators indiscriminately, but did nothing.

34. Moreover, Chief Manley and other senior leaders with APD never corrected the ongoing excessive and unlawful behavior of its officers over the course of the next two days.

35. Upon information and belief, Doe, Foe and Roe have not been disciplined in any way for illegally using force against Gallagher despite video evidence showing what happened. Thus, the City has ratified their conduct.

36. In fact, though he knew his statement to be ignorant at the time, APD Chief of Police Manley told media outlets APD officers had acted pursuant to policy – a statement he made knowing that on May 30, 2020 his officers had caused multiple head injuries, had attacked an innocent 16-year-old with a bean bag shotgun by shooting him in the head and had, on May 31, 2020, attacked a completely innocent twenty-year-old by shooting him in the head with a bean bag shotgun – causing a serious brain injury. Manley also made the statements despite knowing then that when people tried to get the severely injured twenty-year-old medical care, an APD officer fired a beanbag round at the people carrying the young man – causing severe injury to a woman doing nothing but helping another victim of APD violence.

37. Nor were these the only devastating injuries to the people at the protest. As a consequence of APD's practices and indifference on May 30 and May 31, multiple people suffered brain injuries, fractured skulls, fractured jaws, and fractured faces as well as post-traumatic stress. Numerous others were senselessly pepper sprayed and had their rights to free speech and assembly violated.

## IV. CAUSES OF ACTION

### A. FOURTH AND FOURTEENTH AMENDMENT EXCESSIVE FORCE – AS TO DEFENDANTS JOHN DOE, JOHN FOE, AND JOHN ROE

38. Austin Police Department Officers John Doe, John Foe, and John Roe, while acting under color of law, used excessive force on Jason Gallagher when he posed no danger to anyone, was not committing any crime, and was demonstrating peacefully.

39. Austin Police Department Officers Doe, Foe and Roe's use of force was wholly excessive to any conceivable need, objectively unreasonable in light of clearly established law, and directly caused Plaintiff Gallagher to suffer serious injuries. Therefore, Austin Police Department Officers Doe, Foe and Roe violated Gallagher's clearly established Fourth Amendment right to be free from excessive force and unreasonable seizure.

40. As a direct and proximate result of Austin Police Department Officers Doe, Foe and Roe's actions, Gallagher suffered and continues to suffer significant injuries.

41. Gallagher brings these claims pursuant to 42 U.S.C. § 1983.

**B. FIRST AMENDMENT RETALIATION – AS TO DEFENDANTS JOHN DOE, JOHN FOE, AND JOHN ROE**

42. The First Amendment's protections for free speech and assembly prohibit agents of the government from subjecting an individual, like Gallagher, to retaliation for engaging in protected speech.

43. Gallagher exercised his free speech and assembly rights by attending the demonstration against police violence, and by demonstrating near Doe, Foe and Roe.

44. Doe, Foe and Roe's use of force against Gallagher was substantially motivated by their disagreement with the content of his speech. Doe and Foe sprayed Gallagher with pepper spray, and Roe shoved him in the back with a baton, substantially because Doe, Foe and Roe disagreed with Gallagher's protected speech.

45. Doe, Foe and Roe had no non-retaliatory reason for pepper spraying and shoving Gallagher, knocking him to the ground. But for Gallagher exercising his protected free speech rights, Doe, Foe and Roe would not have used force against him.

46. Doe, Foe and Roe's use of force against Gallagher caused him to suffer an injury that would chill a person of ordinary firmness from exercising their constitutionally protected rights of free speech and assembly.

47. Gallagher brings this claim pursuant to 42 U.S.C. § 1983.

**C. PUNITIVE/EXEMPLARY DAMAGES – AS TO DEFENDANTS JOHN DOE, JOHN FOE AND JOHN ROE**

48. As Defendants Doe, Foe and Roe's conduct was egregious, reckless, and without any lawful justification, Plaintiff seeks punitive damages as well to deter future uses of such excessive force.

**D. FIRST, FOURTH, AND FOURTEENTH AMENDMENT § 1983 *MONELL* CLAIM – AS TO DEFENDANT CITY OF AUSTIN ONLY**

49. Plaintiff incorporates all of the foregoing as if alleged herein.

50. Defendant City of Austin, had the following policies, practices, or customs in place when Defendant Austin Police officers John Doe, John Foe, and John Roe injured Plaintiff Gallagher:

      a.  Using, authorizing, and/or tolerating excessive force against non-violent protestors;

      b.  Authorizing and/or tolerating violations of free speech and assembly rights against non-violent protestors;

      c.  Failing to adequately discipline officers;

      d.  Failing to adequately supervise officers;

      e.  Inadequate training and policies concerning de-escalation of force;

      f.  Failing to train officers regarding use of force against non-violent demonstrators;

      g.  Failing to train officers regarding non-violent demonstrators' free speech and assembly rights;

      h.  Not intervening to stop constitutional violations, including excessive force and violations of free speech and assembly; and

i.   Failing to instruct or train officers about specific incidents it considers unreasonable or in violation of the Constitution;

51. Each of the policies, practices, or customs delineated above was actually known, constructively known, and/or ratified by City of Austin and Chief of Police, Brian Manley (the policymaker), and was promulgated with deliberate indifference to Gallagher's First, Fourth and Fourteenth Amendment rights under the United States Constitution. Moreover, the known and obvious consequence of these policies, practices, or customs was that Austin Police Department officers would be placed in recurring situations in which the constitutional violations described within this complaint would result.  Accordingly, these policies also made it highly predictable that the particular violations alleged here, all of which were under color of law, would result.

52. Moreover, upon information and belief, Chief Manley was also aware of multiple similar incidents chilling speech and in which excessive force was used but he did not remedy the misconduct. Thus, the City is also directly liable for Chief Manley's failure to train, supervise, and correct misconduct, which proximately caused Plaintiff to suffer injuries and have his rights violated.

53. Consequently, the policies delineated above were a moving force of Plaintiff's constitutional deprivations and injuries, and proximately caused severe damages.

54. Plaintiff Gallagher brings this claim pursuant to 42 U.S.C. § 1983.

**V.  DAMAGES**

55. Plaintiff Gallagher seeks the following damages:

a.   Past and future medical expenses;

b.   Past and future economic damages, including (but not limited to) loss of earning capacity;

c.   Past and future physical pain and mental anguish;

    d.  Past and future impairment;

    e.  Past and future disfigurement; and,

    f.  Attorneys' fees pursuant to 42 U.S.C. § 1988.

## VI. PRAYER FOR RELIEF

56. To right this injustice, Plaintiff requests the Court:

    a.  Award compensatory damages against all Defendants, and punitive damages against the individual Defendants, including Austin Police officers John Doe, John Foe, and John Roe;

    b.  Award Plaintiff costs and fees, including but not limited to expert fees and attorneys' fees, pursuant to 42 U.S.C. § 1988;

    c.  Award pre-judgment and post-judgment interest at the highest rate allowable under the law; and,

    d.  Award and grant such other just relief as the Court deems proper.

Dated: August 28, 2020.

Respectfully submitted,

**EDWARDS LAW**
1101 East 11th Street
Tel.  512-623-7727
Fax.  512-623-7729

By_____/s/ Jeff Edwards_____
    JEFF EDWARDS
    State Bar No. 24014406
    jeff@edwards-law.com
    SCOTT MEDLOCK
    State Bar No. 24044783
    scott@edwards-law.com

**ATTORNEYS FOR PLAINTIFF**