# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JASON GALLAGHER** <br> *Plaintiff* | § § § | |
| v. | § § | CIVIL ACTION NO. 1:20-CV-00901 |
| **CITY OF AUSTIN, JOHN DOE, JOHN FOE, AND JOHN ROE** <br> *Defendants* | § § § § § | |

## DEFENDANT CITY OF AUSTIN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Austin files this Answer and Affirmative Defenses to Plaintiffs' Original Complaint (Doc. No. 1). Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant respectfully shows the Court the following:

## ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to each of the specific averments in Plaintiffs' First Amended Complaint as set forth below. To the extent that Defendant does not address a specific averment made by Plaintiffs, Defendant expressly denies that averment.[1]

This Defendant denies the allegations contained in the first unnumbered paragraph in Plaintiff's Original Complaint.

## PARTIES

1.  Upon information and belief, Defendant admits the allegations contained in Paragraph 1.

2.  Defendant admits the allegations contained in Paragraph 2.

---

[1] Paragraph numbers in Defendant's Answer correspond to the paragraphs in Plaintiffs' First Amended Complaint.

3. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies the same.

4. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies the same.

5. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies the same.

## JURISDICTION AND VENUE

6. Defendant admits the allegations contained in Paragraph 6.

7. Defendant admits the allegations contained in Paragraph 7.

## FACTS

8. Defendant admits the allegations contained in Paragraph 8.

9. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendant admits that there were APD officers blocking the entrance to Interstate 35 and additional officers positioned on an embankment at the Intersection of IH-35 and 7th Street facing West. Defendant City is without sufficient knowledge to admit or deny the remaining allegations in this Paragraph.

11. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of the First Amended Complaint and therefore denies same.

12. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of the Original Complaint and therefore denies same.

13. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of the Original Complaint and therefore denies same.

14. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of the Original Complaint and therefore denies same.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the Original Complaint and therefore denies same.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Original Complaint and therefore denies the same.

17. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of the Original Complaint and therefore denies the same.

18. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of the Original Complaint and therefore denies the same.

19. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of the Original Complaint and therefore denies the same.

20. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of the Original Complaint and therefore denies the same.

21. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of the Original Complaint and therefore denies the same.

22. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of the Original Complaint and therefore denies the same.

23. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 of the Original Complaint and therefore denies the same.

24. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of the Original Complaint and therefore denies the same.

25. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of the Original Complaint and therefore denies the same.

26. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 26 of the Original Complaint and therefore denies the same.

27. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 27 of the Original Complaint and therefore denies the same.

28. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 of the Original Complaint and therefore denies the same.

29. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 29 of the Original Complaint and therefore denies the same.

30. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 30 of the Original Complaint and therefore denies the same.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant admits that APD officers were authorized to use and did use pepper spray during the demonstrations that occurred on May 30 and 31 but denies the remaining allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant admits that Chief Manley has not yet completed his administrative review or issued discipline to any APD officers who were involved in the May 30 and 31 demonstrations and denies the remaining allegations in Paragraph 35.

36. Defendant avers that any statements made to media outlets are statements that speak for themselves. Defendant denies the remaining allegations in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

## CAUSES OF ACTION

38. The allegations contained in Paragraph 38 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

39. The allegations contained in Paragraph 39 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

40. The allegations contained in Paragraph 40 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

41. The allegations contained in Paragraph 41 of the Complaint do not appear to be addressed to the City and is a statement of the statutory basis for the suit and does not contain allegations that require Defendant to admit or deny, therefore no response is required.

42. The allegations contained in Paragraph 42 of the Complaint do not appear to be addressed to the City and therefore no response is required.

43. The allegations contained in Paragraph 43 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

44. The allegations contained in Paragraph 44 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

45. The allegations contained in Paragraph 45 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

46. The allegations contained in Paragraph 46 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

47. Paragraph 47 is a statement of the statutory basis for the suit and does not contain allegations that require Defendant to admit or deny.

48. The allegations contained in Paragraph 48 of the Complaint do not appear to be addressed to the City and therefore no response is required. If a response is required of the City, the City denies the allegations contained within this paragraph of the Complaint.

49. Defendant incorporates its responses to the previous allegations contained in the Original Complaint.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52

53. Defendant denies the allegations contained in Paragraph 53.

54. Paragraph 54 is a statement of the statutory basis for the suit and does not contain allegations that require Defendant to admit or deny.

## DAMAGES

55. Defendant denies the allegations contained in Paragraph 55 of the Original Complaint and denies Plaintiff is entitled to the relief requested.

## PRAYER FOR RELIEF

56. Defendant denies Plaintiff is entitled to the requested relief in Paragraph 56 of the Original Complaint.

## AFFIRMATIVE DEFENSES

57. Defendant City of Austin asserts the affirmative defense of governmental immunity as a municipal corporation entitled to immunity while acting in the performance of its governmental functions, absent express waiver.

58. Defendant City of Austin asserts the affirmative defense of governmental immunity since its employees are entitled to qualified/official immunity for actions taken in the course and scope of their employment, absent express waiver.

59. As a political subdivision, Defendant City of Austin denies that it can be liable for exemplary/punitive damages under 42 U.S.C. § 1983.

60. Defendant reserves the right to assert additional affirmative defenses throughout the development of the case.

## DEFENDANT'S PRAYER

Defendant City of Austin prays that all relief requested by Plaintiffs be denied, that the Court dismiss this case with prejudice, and that the Court award Defendant costs and attorney's fees, and any additional relief to which it is entitled under law or equity.

RESPECTFULLY SUBMITTED,
ANNE L. MORGAN, CITY ATTORNEY
MEGHAN RILEY, CHIEF, LITIGATION

/s/ David W. May
DAVID W. MAY
State Bar No. 24049373
david.may@austintexas.gov
H. GRAY LAIRD III
State Bar No. 24087054
gray.laird@austintexas.gov
City of Austin
P. O. Box 1546
Austin, Texas 78767-1546
Telephone (512) 974-1342
Facsimile (512) 974-1311

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on the 3rd day of November, 2020, I served a copy of *Defendant City of Austin's Answer and Affirmative Defenses to Plaintiff's Original Complaint* on all parties, by and through their attorney of record, in compliance with the Federal Rules of Civil Procedure.

**Via CM/ECF:**

Jeff Edwards
EDWARDS LAW
State Bar No. 24014406
jeff@edwards-law.com
Scott Medlock
State Bar No. 24044783
scott@edwards-law.com
1101 East 11th Street
Telephone: (512) 623-7727
Fax: (512) 623.7729

**ATTORNEYS FOR PLAINTIFF**